**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

IN RE: THE NOMINATION PETITIONS OF   :   No. 18 WAP 2022
PEARLINA S. STORY AS A DEMOCRATIC   :
CANDIDATE FOR THE STATE   :
REPRESENTATIVE IN THE 24TH   :
LEGISLATIVE DISTRICT   :
  :
OBJECTIONS OF: NICOLE M. SYLVESTER,   :
LOREAL RJ SNELL, AND CHRISTOPHER   :
PAUL SANDVIG   :


## ORDER


**PER CURIAM**

    **AND NOW**, this 15th day of April, 2022, the order of the Commonwealth Court granting the Petition to Set Aside Nominating Petitions of Pearlina S. Story (Petition) is **VACATED**, and this matter is **REMANDED** for further proceedings, as it appears from the record that Candidate never received notice of either the filing of the Petition or the Commonwealth Court's April 4, 2022 Scheduling and Case Management Order (CMO), setting an April 7, 2022, hearing date on the Petition.

    In footnote 8 of its April 8, 2022 Memorandum and Order, granting the Petition, the Commonwealth Court recounts how counsel for Objectors outlined on the record his attempts to communicate with Candidate via the email address Candidate provided on her Candidate's Affidavit (pearlinastory@gmail.com), presumably in an effort to comply with the Commonwealth Court's March 25, 2022 Administrative Order respecting objections to nomination petitions.[1]  Footnote 8 further provides that Objectors' counsel

---

[1] "Regardless of the method of filing the objection petition, Objector shall provide notice to the Candidate of the filing of the objection petition by email at the email address

represented that the emails "were not 'bounced back' as undeliverable, and that he received no response from Candidate to those emails." In a Post-Trial Submission filed with the Commonwealth Court on April 8, 2022,[2] however, counsel for Objectors included a copy of only a single email sent to Candidate on April 5, 2022, at 7:22 PM, regarding the CMO, along with two delivery status notifications generated by Google mail—one dated April 6, 2022 (8:37 PM) and one dated April 7, 2022 (8:00 PM), both notifying Opponent's counsel that his email did not reach Candidate.

Based on the foregoing, and in the absence of any other record evidence that Objectors effected email service of their Petition and the CMO on Candidate and, when that failed, attempted to contact Candidate through other information on file with the Department of State, the Court concludes that Candidate did not have fair notice of either the filing of the Petition or the hearing date and that this lack of notice explains her absence from the April 7, 2022 hearing.

Because time is of the essence, the Commonwealth Court is directed, on remand, to hold a new hearing on the Petition and issue a new decision no later than 5:00 PM on Tuesday, April 19, 2022. Within 24 hours of the Commonwealth Court's decision, either Candidate or Objectors may file with this Court, *under the above caption and docket number*, objections to the Commonwealth Court's new decision. If no objections are timely filed, the Court will dismiss this matter. Otherwise, the Court will expeditiously resolve any filed objections.

Jurisdiction retained.

_____

provided by Candidate on the Candidate's Affidavit filed with the Department of State." March 25, 2022 Administrative Order (Cmwlth. Ct. 126 Misc. Dkt. No. 3), ¶ 7.

[2] It appears from our review of the Commonwealth Court's docket that the post-trial submission may have been docketed in the Commonwealth Court after the Commonwealth Court issued its Memorandum and Order.